IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL ROBINSON,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT WONG, Warden,<br><br>    Respondent. | No. C 06-4325 WHA (PR)<br><br>**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has not filed a traverse. For the reasons set forth below the petition is **DENIED**.

## DISCUSSION

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

///

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    PLEA TO PRIOR CONVICTIONS**

Pursuant to a plea agreement, petitioner pled nolo contendere to attempted second degree robbery and admitted eleven prior offenses (Exh.1 at 5-7). He was sentenced to twenty-one years in state prison. As grounds for habeas relief he asserts that his admission to the prior convictions was not knowing and intelligent.

Petitioner's argument is that although the court taking the plea did inform him of the constitutional rights he was waiving by pleading guilty to the offense, it did not repeat that warning before asking him to admit the allegations that he had suffered the eleven prior convictions. The last state court to provide a reasoned opinion was the California Superior Court for Alameda County, which denied petitioner's state habeas petition (Exh. 2). That court noted that the advisement of rights related to the "charges" against petitioner and that "[i]t is obvious from the totality of the record and Petitioner's vast twenty-two year experience with the criminal justice system, that he was fully advised of his rights, he knew his rights and he waived his rights" (*ibid.*).

The court taking the plea obtained petitioner's agreement that he understood the plea bargain, including how the priors were to be used to reach the agreed sentence (Exh. 1 at 2). The court then engaged in a colloquy with petitioner, during which it obtained his agreement that he understood the constitutional rights he was waiving by entering into the plea and obtained his waiver of them (*id.* at 3-5). The court then found a knowing and intelligent waiver of rights (*id.* at 5). It was only *after* finding that petitioner had waived his rights that it took his plea to the substantive crime and then obtained admissions that he had suffered the prior convictions (*id.* at 5-7). That is, the waiver applied to both.

Because the court's warning to petitioner of the rights he was waiving applied both to his plea to the crime and to his admissions of prior convictions, petitioner has failed to establish the predicate for his claim. His rights were not violated.

3

**CONCLUSION**

Petitioner's constitutional rights were not violated, and the state courts' rejections of this claim were not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority. The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   21   , 2008.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\ROBINSON325.RUL.wpd